IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE KOLLARS,

    Petitioner,               No. CIV S-04-2336 DFL KJM P

    vs.

M. YARBOROUGH, Warden,

    Respondent.             ORDER

                              /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his El Dorado County conviction on charges of child molestation. Respondent has moved to dismiss the petition, alleging that the petition is "mixed" because petitioner has exhausted state remedies on some, but not all, of his federal claims.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. <u>Picard</u>, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises four claims in the instant petition. He alleges his conviction violates the guarantee against being placed once in jeopardy because prior convictions were used to convict him of the current offenses; the conviction was obtained in violation of his Fifth Amendment privilege against self-incrimination; the prosecution refused to honor his right not to be placed in jeopardy twice and failed to admit this to the defense; and his conviction was based on a coerced confession. Pet. at 5-6.

2

1    Respondent has lodged copies of the briefs on appeal, the Court of Appeal's
2    decision, and the petition for review filed in the California Supreme Court on petitioner's behalf.
3    The petition for review raised five grounds: the prosecutor violated the double jeopardy
4    protections of the state and federal constitutions; the government violated a 1996 plea bargain by
5    basing some of the current charges on counts dismissed in 1996; the statute of limitations had run
6    as to several of the charges; the evidence was insufficient as to some of the counts; and petitioner
7    was denied his right to present a defense when the trial court denied him access to the victims'
8    therapist.  Petition for Review at i-ii (table of contents), 1-2.

9    The court interprets petitioner's third claim presented to this court to be a
10    restatement of his first attack on the double jeopardy violation which underlies his conviction;
11    these related claims have been exhausted.  However, the court finds that petitioner has failed to
12    exhaust state court remedies as to his second and fourth claims.

13    Petitioner has opposed the motion to dismiss by asking this court to stay the
14    petition to give him time to exhaust claims two and four and additional claims of outrageous
15    government conduct, vindictive prosecution, and failure to disclose exculpatory evidence.

16    Petitioner's request for a stay is premature, for the court cannot issue such an
17    order until the petitioner has filed a petition containing only exhausted claims.  Smith v. Ratelle,
18    323 F.3d 813, 819 (9th Cir. 2003), cert. denied sub nom. Alameida v. Smith, __ U.S. __, 124
19    S. Ct. 2904  (9th Cir. 2004).  Moreover, a stay is not appropriate absent a showing of good cause
20    for failing to exhaust the claims in prior proceedings and of potential merit to the claims.  Rhines
21    v. Weber, ___ U.S. __, 125 S. Ct. 1528, 1535 (2005).

22    For the reasons set forth above, the petition is a mixed petition containing both
23    exhausted and unexhausted claims and must be dismissed.  Good cause appearing, petitioner will
24    be granted thirty days to file an amended petition raising only exhausted claims.[2]

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's February 11, 2005 motion to dismiss is granted;

2. Petitioner's petition for a writ of habeas corpus is dismissed;

3. Petitioner is granted thirty days from the date of this order to file an amended petition raising only exhausted claims. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

4. Petitioner's March 7, 2005 motion for a stay is denied without prejudice.

DATED: August 4, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
koll2336.103

---

other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
    Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

4